LIU, J.,
Concurring.—I join the court’s opinion except for its discussion of whether defendant invoked his right to counsel when he said during custodial interrogation, “I need to know, am I being charged with this, because if I’m being charged with this I think I need a lawyer.” (Maj. opn., ante, at pp. 1067-1070.) Detective Keers’s answer that “at this point, no you’re not being charged with this” was misleading, and her subsequent questioning of defendant violated his Miranda rights. (Miranda v. Arizona (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602] (Miranda).)
At the time Detective Keers told defendant that he was “not being charged” with these murders, she knew the following: One of the murder victims was last seen entering a “bluish gray” van. Tire tracks at several of the murder scenes were consistent with a vehicle equipped with Yokohama and Uniroyal brand tires. Shoe impressions that could have been made by a Converse shoe were found at one murder scene. When he was arrested, defendant was driving a gray minivan equipped with Yokohama and Uniroyal brand tires. He was wearing Converse shoes. A woman who appeared to be a prostitute had approached the van. Inside the van was a fixed-blade knife that appeared to have blood on it. Detective Keers also found fibers in the carpeting, side upholstery, and seat fabric of the van that were consistent with fibers found at some of the crime scenes. Sisal rope fibers found on or near many of the victims were similar to a sisal rope found in defendant’s van.
*1080 After police stopped him in his van, defendant was arrested, taken to a police station, and advised of his Miranda rights. He had been interrogated for more than two hours at the point when Detective Keers asked if he would allow a search of his home. As noted, defendant said, “I need to know, am I being charged with this, because if I’m being charged with this I think I need a lawyer.” Detective Keers answered, “Well at this point, no you’re not being charged with this.” Defendant then consented to a search of his apartment.
Detective Keers was the lead investigator on this case. Given what she knew during the interrogation, she could not have had any doubt that defendant would be charged with these murders. By telling defendant, “Well at this point, no you’re not being charged with this,” she misled him. As Miranda said, “any evidence that the accused was threatened, tricked, or cajoled into a waiver will, of course, show that the defendant did not voluntarily waive his privilege.” (Miranda, supra, 384 U.S. at p. 476; see People v. Russo (1983) 148 Cal.App.3d 1172, 1177 [196 Cal.Rptr. 466] [waiver of Miranda rights rendered invalid by detective’s statement that “ ‘If you didn’t do this, you don’t need a lawyer, you know’ ”]; People v. Hinds (1984) 154 Cal.App.3d 222, 234 [201 Cal.Rptr. 104] [“[Detectives deliberately misled appellant concerning his right against self-incrimination . . . [by] twist[ing] the required advisement: ‘[A]nything you say doesn’t necessarily held [ric] against you, it can be held to help you, depending on what happened.’ ”].)
The statements defendant made during the nearly three hours of questioning following Detective Keers’s misleading statement should have been excluded, including his admissions that he had been in the orange groves and had seen a body there. But given the other evidence of defendant’s guilt, the Miranda violation was harmless beyond a reasonable doubt.
Appellant’s petition for a rehearing was denied June 11, 2014.